IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. FORD III,<br><br>    Plaintiff,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-04816 JSW<br><br>**ORDER REMANDING ACTION** |

Federal courts stand under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize Inc. v. Matrix Inc,* 167 F.3d 1261, 1265 (9th Cir. 1999).

Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company (collectively, "Defendants") removed this action on the grounds that plaintiff John F. Ford III ("Plaintiff") alleges a claim for violation of the Truth in Lending Act ("TILA"), a federal statute, in the complaint. However, as Defendants acknowledge in their motion to dismiss, although the

caption of Plaintiff's complaint states "Violation of Truth in Lending Legislation and Regulations," the body of Plaintiffs complaint does not actually include any claim under this statute.  Plaintiff specifically delineates three causes of action in his complaint.  One entitled "enjoin foreclosure sale," a second one entitled "declaratory relief," and a third one entitled "violation of California Financial Code § 22302."  Moreover, as Defendants argue, Plaintiff could not allege a claim under the TILA because he lacks standing to challenge a loan agreement between Washington Mutual Bank and Dennis P. Fife and Karen MacNeil-Fife, and any claim challenging the loan under the TILA would be time barred by TILA's three-year statute of limitations.  Therefore, there is no federal claim in Plaintiff's complaint, and, thus, the Court lacks subject matter jurisdiction over this action.  Accordingly, the Court HEREBY REMANDS this action to the Superior Court of the State of California for the County of Napa.  This Order terminates this case in federal court, including all pending motions and hearings.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  December 4, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN J. FORD III,

        Plaintiff,

  v.

WASHINGTON MUTUAL BANK et al,

        Defendant.
                                        /

Case Number: CV09-04816 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Joseph Ford
Dolce Vita
3436 Spring Mountain Rd.
St. Helena, CA 94574

Dated: December 4, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk